UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

VICTORY MANAGEMENT
SOLUTIONS, INC.,

    Plaintiff,

v.

GROHE AMERICA, INC*., et al.*,

    Defendants.

Civil No. 3:14-cv-01818 (JAF)

## OPINION AND ORDER

This case involves a breach of contract under Puerto Rico Law 21, P.R. LAWS ANN. tit. 10, §§ 279-279h, which regulates sales representative agreements within the Commonwealth of Puerto Rico.

On February 9, 2015, Defendant Grohe America, Inc. filed a Motion to Dismiss for *Forum non Conveniens*. (Docket No. 5.)  Plaintiff Victory Management Solutions, Inc. opposed the motion (Docket No. 8), and both parties replied in support of their positions (Docket Nos. 11 & 14).  Upon review of the parties' briefs and the relevant law, the court finds Defendant Grohe America, Inc.'s motion not well-taken.  For the following reasons, Defendant's motion to dismiss is DENIED.

The issue before the court is whether the forum-selection clause in the contract between the parties requires dismissal of this action for not having been filed in the location agreed upon in the Agreement.  The facts are not in dispute.  On August 1, 2008, Defendant Grohe America, Inc. (hereinafter, "Grohe") appointed Plaintiff Victory Management Solutions, Inc. (hereinafter, "VMSI") as Sales Representative for the

territory including Mexico, Central America, South America, and the Caribbean – including Puerto Rico. The terms of the agreement were set forth in the Sales Representative Agreement (hereinafter, "the Agreement") and executed by both parties. Under the terms of the Agreement, Grohe designated VMSI as the exclusive sales representative for all Grohe residential and commercial product lines, as well as specified do-it-yourself product lines. On November 14, 2013, Grohe informed VMSI that it was terminating the Agreement in order to grow its own internal staff of sales personnel. VMSI then filed suit in the United States District Court for the District of Puerto Rico alleging that Grohe had breached the Agreement by terminating it without cause.

Grohe moved to dismiss the Complaint under the doctrine of *forum non conveniens*. Clause 18 of the Agreement states: "The parties hereby agree that any civil action arising from any provision of this Agreement shall be maintained in the Circuit Court of Cook County; Chicago, Illinois." Grohe argues that the terms of the Agreement require VMSI to file suit in the Circuit Court of Cook County in Chicago, Illinois, and, therefore, this court must dismiss this action.

The Supreme Court held in *Atlantic Marine Construction Company, Inc. v. United States District Court for the Western District of Texas* that "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." ___ U.S. ___, 134 S.Ct. 568, 580 (Dec. 3, 2013). "[C]ourts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum." *Id*. Valid forum-selection clauses are to be given controlling weight in all but the most

exceptional cases. *Id*. at 579. "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the specified forum." *Id*. at 581. When the specified forum is a nonfederal forum, dismissal is proper where the forum-selection clause is both valid and enforceable. *Id*. The burden is on the plaintiff to show why the transfer, or in this case, dismissal, should not occur. *Id*. at 582. The interests of the private parties are not a consideration; rather, the district court may only consider public-interest factors. *Id*. "Public-interest factors may include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 581 n.6 (internal quotation marks omitted) (citation omitted).

## **The Forum Selection Clause is Unenforceable**

We apply federal common law when interpreting the forum-selection clause. *Rivera v. Centro Medico de Turabo, Inc.*, 575 F.3d 10, 17 (1st Cir. 2009) (Applying federal common law in a suit based on diversity since "there is no conflict between federal common law and Puerto Rico law regarding the enforceability of forum-selection clauses.") (*quoting Silva v. Encyclopedia Britannica, Inc.,* 239 F.3d 385, 387 n. 1 (1st Cir. 2001)). The court begins by noting that the forum-selection clause in the Agreement is mandatory. *See id.* at 15. Additionally, VMSI's claims against Grohe stem from Grohe's alleged breach of the Agreement, and the clause encompasses "any civil action arising from any provision" of the Agreement. Thus, VMSI's claims are within the scope of the forum-selection clause of the Agreement.

It is well-established that forum-selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10 (1972). There are four grounds for finding such a clause unreasonable and, thus, unenforceable:

> (1) the clause was the product of fraud or overreaching;
>
> (2) enforcement would be unreasonable and unjust;
>
> (3) proceedings in the contractual forum will be so gravely difficult and inconvenient that [the party challenging the clause] will for all practical purposes be deprived of his day in court; or
>
> (4) enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision.

*Rafael Rodríguez Barril, Inc. v. Conbraco Industries, Inc.*, 619 F.3d 90, 93 (1st Cir. 2010) (alteration in original) (*quoting Bremen*, 407 U.S. at 15, 18) (internal citations and quotation marks omitted).

In *Rodríguez Barril*, the First Circuit reviewed *de novo* the district court's enforcement of a forum-selection clause which required plaintiff to have brought suit in North Carolina. *Id*. The Court quickly disregarded the first three factors stating that: 1) plaintiff had not alleged fraudulent inducement; 2) "enforcement [would not] be clearly unreasonable or unjust, as [defendant] is based in North Carolina, the agreement was executed in that state, and no suggestion [was] made that the clause was inserted in bad faith"; and 3) "[n]othing suggests that North Carolina is too burdensome a place for

[plaintiff] to litigate or otherwise so inappropriate as to deprive [plaintiff] of an effective forum." *Id.*

The Court then evaluated the fourth *Breman* factor by reviewing whether enforcing the forum-selection clause would violate Puerto Rico public policy as expressed in P.R. LAWS ANN. tit. 10, § 279, referred to as "Law 21". Law 21 expressly protects sales representatives from unilateral, arbitrary termination without just cause. The Court found that Law 21 did not preclude the enforcement of a forum-selection clause, only that of a choice-of-law clause which would prevent the substantive protections of Law 21. *Id.* at 94. The Court determined that the choice-of-law provision did not prevent a court in North Carolina from honoring Puerto Rico's Law 21 since North Carolina "will not honor a choice-of-law provision if the law of the chosen state is contrary to the fundamental policy of a state possessing a greater interest in the issue than the chosen state." *Id.* (*citing Volvo Trademark Holding Aktiebolaget v. Clark Machinery Co.*, 510 F.3d 474, 479 (4th Cir. 2007)). Since nothing prevented a court in North Carolina from finding the parties' choice-of-law provision invalid and honoring Law 21, the Court affirmed the enforcement of the forum-selection clause.

At first, this matter seems strikingly similar to the facts in *Rodríguez Barril.* The parties entered into a Sales Representative Agreement, appointing VMSI as the sales representative for Grohe in the specified territory that included Puerto Rico.[1] The

---

[1] The territory included: Mexico, Belize, Guatemala, El Salvador, Honduras, Nicaragua, Costa Rica, Panama, Colombia, Venezuela, Anguilla, Antigua and Barbuda, Aruba, Bahamas, Barbados, Bermuda, British Virgin Islands, Cayman Islands, Dominica, Dominican Republic, Grenada, Guadeloupe, Jamaica, Martinique, Montserrat, Netherlands Antilles, Puerto Rico, Saint Martin/Marteen, Haiti, Saint Barthelemy, Saint Kitts and Nevis,

Agreement included a clause requiring any suit arising out of its terms to be brought in the state of Illinois, not Puerto Rico. Like the plaintiff in *Rodríguez Barril*, VMSI brought suit in Puerto Rico after the defendant declared its intent to terminate the agreement.

But that is where the similarities end. In *Rodríguez Barril*, the defendant was based in North Carolina and the parties executed the agreement in North Carolina. Here, there is no connection to Illinois, the selected forum. The Agreement was executed in Puerto Rico; the designated territory included Puerto Rico – not Illinois; for the majority of the life of the Agreement, VMSI's sole agent was based out of Puerto Rico; Grohe moved its headquarters to New York and sold its interest in Illinois real estate; the majority of the witnesses are located within Latin America and the Caribbean; and no witnesses are located in Illinois. Typically, when the parties agree on a chosen forum, the court would not interfere with their selection despite how inconvenient their chosen forum may be. However, in this case, it is simply unreasonable to dismiss this matter and force the VMSI to refile in the state court of Illinois where, unlike the parties in *Rodríguez Barril*, the requested forum has no connection to the dispute. The facts in this matter are drastically different from those in *Rodríguez Barril* and the enforcement of the forum-selection clause would be unreasonable and unjust in this case.

VMSI also argues that enforcement of the forum selection clause would be unreasonable under the fourth *Bremen* factor. The court disagrees. Enforcing the

---

Saint Lucia, Saint Vincent and the Grenadines, Trinidad and Tobago, Turks and Caicos Islands, and the U.S. Virgin Islands.

Agreement's forum selection clause and compelling it to litigate in Illinois would not violate Puerto Rico public policy as expressed in Law 21. The Court has held that although Law 21 embodies a "strong public policy" of Puerto Rico, it does not "forbid a forum selection clause but only a choice of law clause insofar as the latter would prevent Law 21's substantive protections from being given effect." *Id.* at 94 (*citations omitted*). Accordingly, the mandatory forum selection clause in the Agreement is not unenforceable pursuant to Law 21.

We now turn to whether Illinois law would prevent the court from honoring Law 21 to the extent it applies. *See id.* (Noting that "North Carolina law will not honor a choice-of-law provision if the law of the chosen state is contrary to the fundamental policy of a state possessing a greater interest in the issue than the chosen state." (*citation omitted*)). In Illinois, when parties have stipulated to the application of a specific state's law in their written contract, section 187 of the Restatement applies. *Hall v. Sprint Spectrum L.P.*, 376 Ill.App.3d 822, 825–26, 876 N.E.2d 1036 (2007). "Essentially, section 187 provides that the parties' choice of law governs unless (1) the chosen State has no substantial relationship to the parties or the transaction or (2) application of the chosen law would be contrary to a fundamental public policy of a State with a materially greater interest in the issue in dispute." *International Surplus Lines Insurance Co. v. Pioneer Life Insurance Co.*, 209 Ill.App.3d 144, 153, 568 N.E.2d 9 (1990).

When determining whether Illinois has a substantial relationship to the parties or the transaction, courts there have found that,

> a substantial relationship between the forum and the parties and/or transaction exists where one of the parties was a company operating in the chosen forum and the contract at issue was negotiated and completed in the chosen forum. *Old Republic*, 389 Ill.App.3d at 36, 328 Ill.Dec. 782, 905 N.E.2d 316. See also *Hall*, 376 Ill.App.3d at 826, 315 Ill.Dec. 446, 876 N.E.2d 1036 (finding foreign jurisdictions had substantial relationship to different parties that were businesses with their principal places of business in the respective jurisdictions); *Maher*, 267 Ill.App.3d at 76, 203 Ill.Dec. 850, 640 N.E.2d 1000 (finding Illinois did not have a materially greater interest in the litigation where defendant in a contract dispute was incorporated in the foreign jurisdiction and had its principal place of business there).

*Ocon v. Thermoforming Systems, LLC*, 2013 Ill. App. 121670-U, 2013 WL 2643511, *5.

Here, neither VMSI nor Grohe are incorporated in Illinois. The Agreement was executed in Puerto Rico. In 2012, Grohe moved its regional corporate offices in the United States from Illinois to New York. The Grohe representative who executed the Agreement on behalf of Grohe and subsequently terminated the Agreement resides and works in California. The territory that the Agreement covers does not include Illinois, or any of the fifty states. It appears that the only connection either of the parties has to Illinois is Grohe's lease of a third party warehouse for storage, logistics, distribution, and customer/technical support within the state of Illinois. For these reasons, the court finds that Illinois has "no substantial relationship" to the Agreement. Although the Agreement contains a conflict of law provision specifying that Illinois law would apply, an Illinois

court applying section 187 would likely declare the conflict of law provision unenforceable.[2]

Accordingly, similar to *Rodríguez Barril*, it appears that Illinois would not honor the conflict of laws provision of the Agreement. As in *Rodríguez Barril*, "nothing prevents a court sitting in [Illinois] from honoring Law 21 to the extent it would otherwise apply." 619 F.3d at 95. Thus, the fourth *Bremen* factor favors the enforcement of the forum-selection clause.

However, as VMSI points out, Illinois courts evaluating choice-of-law provisions have sought "to avoid the absurd result of permitting litigation to be brought in Illinois … and then requiring the application of [another state's] law[.]" *Maher*, 267 Ill. App. 3d at 76. Indeed, one of the "public-interest factors" the court must consider is the interest of having a diversity matter tried "in a forum that is at home with the law." *Atlantic*, 134 S.Ct. 581 n.6. Were this court to enforce the forum selection clause, it would likely cause the "absurd result" that Illinois courts try to avoid – here, a dismissal from the United States District Court for the District of Puerto Rico followed by a refiling of the action in Illinois, only to have Illinois apply Puerto Rico law. This is one more reason to find the enforcement of the forum selection clause unreasonable under the facts of this case.

The court finds that enforcement of the Agreement's forum-selection clause would be unreasonable under the second *Bremen* factor and is, therefore, unenforceable. Defendant Grohe America, Inc.'s motion to dismiss for *forum non conveniens* is

---

[2] The court recognizes that if it were to enforce the forum-selection clause and dismiss this matter to be refiled in Illinois, the Illinois court's analysis of the validity of the conflict of laws clause may differ from this court's ultimate decision (to be made at the appropriate time). Nonetheless, the issue before this court is whether the forum selection clause is valid and enforceable, not the validity of the conflict of laws clause.

DENIED.  Defendant Grohe America Inc.'s Answer to the complaint is due **within fourteen (14) days of this order**.  Fed. R. Civ. P. 12(a)(4)(A).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 11th day of May, 2015.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE
